**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 1 2020

JAMES W. McCORMACK, CLERK
By:_____
                              **DEP CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ANGELA LITTRELL**                                                   **PLAINTIFF**

**V.**                                    CASE NO. 4:20-cv-1261- BSM

**ARKANSAS TOTAL CARE, INC.**                              **DEFENDANTS**

                        **COMPLAINT**          This case assigned to District Judge _Miller_
                                               and to Magistrate Judge _Ray_

Comes now Plaintiff, Angela Littrell ("Littrell"), by and through counsel, Cox, Sterling,

McClure & Vandiver, PLLC, and for her Complaint against Arkansas Total Care, Inc. ("ATC"),

hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Jurisdiction of this Court is invoked under both Title VII of the Civil Rights Act

and 42 U.S.C. § 1981.

2.      Venue is appropriate in the United States District Court for the Eastern District of

Arkansas under 28 U.S.C. § 1331 because the employment and business practices at issue concern

a federal question, specifically 42 U.S.C. § 1981 and 18 U.S.C. § 1514A(b)(1)(B), and because

the employment and business practices alleged to be unlawful were committed within this judicial

district.

3.      Ms. Littrell is a resident of Pulaski County, Arkansas and worked as an employee

for ATC in the State of Arkansas.

4.      Upon information and belief, and at all times relevant to this complaint, ATC is a

domestic corporation registered to do business in Arkansas, with its principal place of business in

Little Rock, Arkansas.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Under 42 U.S.C. § 1981, there is no requirement to exhaustion of administrative remedies. *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983).

6.      Ms. Littrell filed a Charge of Discrimination against ATC with the Equal Employment Opportunity Commission (the "EEOC"), Charge No. 493-2020-00463, charging ATC with unlawful race discrimination in violation of the Title VII, and the ACRA, in connection with Ms. Littrell's termination of employment. By notice dated August 19, 2020, Ms. Littrell was notified by the EEOC of her right to file a civil action against ATC.  A copy of the right-to-sue letter has been attached hereto as Exhibit "A" and is incorporated by reference herein.

7.      This lawsuit has been timely filed within 90 days of Ms. Littrell's receipt of the EEOC's right-to-sue notice.

8.      Exhaustion of remedies not required under Arkansas Civil Rights Act ("ACRA") because the statute does not provide that administrative procedures will be exclusive, and according to the Supreme Court of the United States, "The most common application of the exhaustion doctrine is in cases where the relevant statute provides that certain administrative procedures shall be exclusive." *McKart v. U.S.*, 395 U.S. 185, 193 (1969).  The ACRA provides that any party in violation of the Act will be liable in a circuit court for damages.  Ark. Code Ann. § 16-123-105(a).

9.      Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action. A timely Complaint was filed with the Secretary of Labor on or about December 20, 2019. A true and correct copy of the Complaint filed with the Secretary of Labor is attached hereto and incorporated by reference as Exhibit "B".

2

## GENERAL FACTUAL ALLEGATIONS

10.     Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

11.     Ms. Littrell is an African American citizen who resides in Pulaski County, Arkansas.

12.     Ms. Littrell began to work for ATC as a Director of Medical Management on December 17, 2018.

13.     Ms. Littrell was recruited by ATC because of her significant program implementation experience in the medical services industry, and particularly because of her professional work at the Arkansas Department of Human Services.

14.     Ms. Littrell excelled in her job. During her tenure, ATC's Monthly Contact with Enrolled Member metric rate increased from thirty-five percent (35%) to fifty-seven percent (57%) from April 2019 to June of 2019. ATC's contract to receive Medicaid funds is dependent on ATC's ability to meet certain metric requirements.

15.     Ms. Littrell also worked to provide over two-hundred and fifty (250) members new service providers when the New Beginnings Medicaid provider number was suspended. In addition, she provided daily support to research DHS inquiries and resolve member complaints when Ms. Grounds was incapable because of the daily volume. These are just some of the many ways in which Ms. Littrell excelled in her job performance.

16.     On April 1, 2019, Ms. Littrell met with the CEO of ATC, John Ryan, and another individual named Jan Rivers to discuss leadership and strategy, as well as significant Medicaid compliance issues. This meeting was precipitated by Ms. Littrell expressing concerns about Medicaid compliance.

17.     The next day, Ms. Littrell met with Mr. Ryan and two other executive-level members of ATC to discuss the Medicaid compliance topic further.

18.     A litany of issues regarding compliance were discussed, including Ms. Littrell's concerns that Candice Gaddis, Vice President of Medical Management, had been untruthful regarding implementation issues.

19.     Ms. Littrell also informed the other meeting attendees that some mid-level supervisors had either directed or encouraged the staff to enter inaccurate assessment documentation and face-to-face visits to meet metric requirements.

20.     ATC was entering inaccurate data because its contract with Medicaid required ATC to meet certain metric requirements in order to receive Medicaid funds. ATC was entering inaccurate data because it was failing to otherwise meet the required metrics.

21.     In June of 2019, Ms. Littrell emailed Kim Suggs, Senior Vice President of Operations, to inform her that ATC was not meeting its contractual obligations to the State of Arkansas for completing initial service assessments and health questionnaires.

22.     Ms. Littrell also spoke to Mark Looney, Manager of Compliance, on several occasions during this time period to inform him that the organization was noncompliant with Medicaid requirements because it was not completing initial service assessments and health questionnaires timely for members without an existing Person Centered Service Plan or Master Treatment Plan.

23.     During her employment, Ms. Littrell was also treated differently than her white coworkers. Executive-level management would isolate Ms. Littrell by ignoring her correspondence, refusing to invite her to certain meetings, and removing her from the decision-making processes regarding department restructuring.

24.     During a trip to St. Louis, Ms. Littrell brought this pattern of behavior to the attention of Ms. Suggs, a white superior. Ms. Suggs dismissed these concerns and stated that Ms. Littrell did not need to know everything that occurred within the department. Lauren Grounds, a white Manger of Medical Management, was empowered to lead policy discussions without Ms. Littrell's input or knowledge.

25.     Ms. Littrell requested that the human resource department seek out corporate change management support and to participate in a review of ATC's code of conduct and ethics policies with the staff because black supervisors were being targeted. This review was never conducted.

26.     Ms. Littrell was never disciplined during her employment with ATC, nor was her performance criticized in any way, nevertheless she was terminated on July 2, 2019.

27.     Ms. Littrell was terminated because Jan Rivers, one of the individuals with which Ms. Littrell discussed her noncompliance related concerns, alleged that Ms. Littrell had witnessed an inappropriate role-playing scenario during a Developmental Disability Care Coordination Training session and did not intervene.

28.     Ms. Littrell provided ATC with objective evidence to prove that she was not at the role-playing scenario and therefore could not intervene, but ATC refused to rescind the termination.

29.     At the termination meeting, Ms. Suggs mentioned that Ms. Littrell was also being terminated because the new supervisors who had been hired did not have the proper qualifications and that there was insufficient staff training. Both these stated reasons are false, and Ms. Littrell did not receive any paperwork to document these allegations.

30.     Ms. Grounds, Ms. Littrell's white subordinate and the supervisor hiring official of record, co-interviewed all applicants with Ms. Littrell, yet Ms. Grounds was not terminated because of the quality of supervisor hired. Furthermore, all staff was approved by the Vice President of Medical Management Operations.

31.     Prior to Ms. Littrell's hire, insufficient training for the department had been conducted by unqualified staff. Under Ms. Littrell, an additional trainer position was created in order to remedy this issue. Nevertheless, Ms. Littrell was terminated because of a problem that she worked to remedy after others created it.

### COUNT I
### 42 U.S.C. § 1981 – Discrimination in Employment Contract

32.     Plaintiff Littrell restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

33.     Ms. Littrell is an individual entitled to the protections of the 42 U.S.C. § 1981.

34.     Ms. Littrell has been a dedicated, hardworking, and exemplary employee during her service to ATC. She had never been disciplined in anyway.

35.     Given ATC's treatment of Ms. Littrell, such as isolating her by ignoring her correspondence, refusing to invite her to certain meetings, and removing her from the decision-making process, ATC clearly discharged Ms. Littrell because of her race.

36.     ATC provided a false reason for its decision to discharge Ms. Littrell. Specifically, ATC's decision to terminate Ms. Littrell followed an exemplary track record with the company, which indicates that the real reason she was terminated was not because of performance or misconduct, but because of racial bias within the company.

37.     ATC's unlawful employment practices were and are intentional.

6

38.     As a result of ATC's actions, Ms. Littrell has suffered economic and emotional damages.

## COUNT II
## ARKANSAS CIVIL RIGHTS ACT OF 1993, A.C.A. §§ 16-123-101

39.     Plaintiff Littrell restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

40.     Ms. Littrell is an individual entitled to the protections of the Arkansas Civil Rights Act of 1993, A.C.A. §§ 16-123-101.

41.     Ms. Littrell been a dedicated, hardworking, and exemplary employee during her service to ATC. She had never been disciplined in anyway.

42.     Given ATC's treatment of Ms. Littrell, such as isolating her by ignoring her correspondence, refusing to invite her to certain meetings, and removing her from the decision-making process, ATC clearly discharged Ms. Littrell because of her race.

43.     ATC provided a false reason for its decision to discharge Ms. Littrell. Specifically, ATC's decision to terminate Ms. Littrell followed an exemplary track record with the company, which indicates that the real reason she was terminated was not because of performance or misconduct, but because of racial bias within the company.

44.     ATC's unlawful employment practices were and are intentional.

45.     As a result of ATC's actions, Ms. Littrell has suffered economic and emotional damages. Plaintiff Littrell restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

46.     Ms. Littrell is an individual entitled to the protections of Title VII of the Civil Rights Act of 1964, and, as an African American woman, is protected against discrimination based on her race.

47.     Ms. Littrell been a dedicated, hardworking, and exemplary employee during her service to ATC. She had never been disciplined in anyway.

48.     Given ATC's treatment of Ms. Littrell, such as isolating her by ignoring her correspondence, refusing to invite her to certain meetings, and removing her from the decision-making process, ATC clearly discharged Ms. Littrell because of her race.

49.     ATC provided a false reason for its decision to discharge Ms. Littrell. Specifically, ATC's decision to terminate Ms. Littrell followed an exemplary track record with the company, which indicates that the real reason she was terminated was not because of performance or misconduct, but because of racial bias within the company.

50.     ATC's unlawful employment practices were and are intentional.

51.     As a result of ATC's actions, Ms. Littrell has suffered economic and emotional damages

## COUNT IV
## WRONGFUL DISCHARGE PROHIBITED BY SARBANES-OXLEY

52.     Plaintiff Littrell restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

53.     The United States and the State of Arkansas have recognized clear mandates of public policies against the perpetration of fraud in connection with the delivery of or payment for health care benefits, including those provided as part of the federal Medicaid program.

54.     Ms. Littrell engaged in protected activities or conduct by opposing the unlawful actions of ATC and by making a formal complaint to CEO John Ryan and other executive employees regarding business practices which she believed in good faith violated by state or federal law, including federal anti-fraud statutes and/or federal law relating to fraud against shareholders.

55.     ATC and its agents knew that Ms. Littrell engaged in a protected activity by opposing the unlawful actions of ATC and by making a formal complaint to CEO John Ryan and other executive employees regarding business practices which she believed in good faith violated by state or federal law, including federal anti-fraud statutes and/or federal law relating to fraud against shareholders.

56.     Ms. Littrell was terminated on July 2, 2019.

57.     The reasons cited by ATC for the termination of Ms. Littrell's employment constitute pretext for Ms. Littrell's wrongful termination because she engaged in lawful acts by opposing the unlawful actions of ATC and by making a formal complaint to CEO John Ryan and other executive employees regarding business practices which she believed in good faith violated by state or federal law, including federal anti-fraud statutes and/or federal law relating to fraud against shareholders.

58.     The circumstances as described herein, including the proximity in time between the protected activities undertaken by Ms. Littrell and the termination of her employment, are sufficient to raise the inference that Ms. Littrell's protected activities were contributing factors in ATC's decision to terminate Ms. Littrell's employment.

59.     As a direct and proximate result of ATC"s actions, Ms. Littrell has been deprived of income and other monetary and non-monetary benefits resulting from the termination of her employment.

60.     As a further direct and proximate result of ATC's actions, Ms. Littrell has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related non-economic damages for which she is entitled from Defendants.

61.     As shown by the foregoing, ATC's conduct was willful, wanton, and malicious, and illustrated complete indifferent to or conscious disregard for the right of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish ATC or to deter them and other companies from like conduct in the future.

## PRAYER FOR RELIEF

62.     Ms. Littrell has been injured mentally and economically, in an amount to be determined at trial.

63.     Plaintiff requests a jury trial.

64.     WHEREFORE, Plaintiff, Angela Littrell, request that this Court enter judgment against ATC.  Ms. Littrell has been injured by ATC's violations of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101 *et seq*., 42 U.S.C. § 1981 and 18 U.S.C. § 1514A, and is thereby entitled to recover back pay, front pay, emotional damages as provided for by state and federal law, including economic damages under 42 US Code §1981, penalties, attorney's fees, liquidated and punitive damages, interest, other litigation expenses incurred herein, and for all other just and proper relief to which she may be entitled.

Respectfully Submitted,

By:

Brian A. Vandiver (ABN 2001078)
Dylan J. Botteicher (ABN 2017170)

Cox, Sterling, McClure &
Vandiver, PLLC
8712 Counts Massie Rd.
North Little Rock, AR 72113
T: (501) 954-8073
F: (501) 954-7856
E: bavandiver@csmfirm.com
E: djbotteicher@csmfirm.com

Attorney for the Plaintiff

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Angela Littrell<br>2622 Valley Park Drive<br>Little Rock, AR 72212 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

| | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-00463 | Chris E. Stafford,<br>Investigator | (501) 324-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

08/19/2020

| Enclosures(s) | William A. Cash, Jr.,<br>Area Office Director | *(Date Mailed)* |
|---|---|---|

cc:
| Christie Silvey<br>HR Compliance & Audit Partner<br>Centene<br>7700 Forsyth Blvd<br>Clayton, MO 63105 | Dylan J. Botteicher<br>COX, STERLING, MCCLURE, & VANDIVER, PLLC<br>8712 Counts Massie Rd<br>North Little Rock, AR 72113 |
|---|---|

EXHIBIT A

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT A

**U.S. Department of Labor**

Office of Administrative Law Judges
William S. Moorhead Federal Office Building
1000 Liberty Avenue, Suite 1800
Pittsburgh, PA 15222

(412) 644-5754
(412) 644-5005 (FAX)



Issue Date: **17 September 2020**

CASE NO. 2020-SOX-00016

*In the Matter of:*

**ANGELA LITTRELL,**
          Complainant

    v.

**ARKANSAS TOTAL CARE - CENTENE CORPORATION,**
          Respondent

## ORDER GRANTING COMPLAINANT'S MOTION FOR LEAVE TO PROCEED IN FEDERAL DISTRICT COURT AND DISMISSING COMPLAINT

      This matter arises under the Federal Sarbanes-Oxley Act of 2002, P.L. 107-204, § 806, 18 U.S.C. & 1514A, and implementing regulations at 29 C.F.R. Part 1980, Subpart B. On December 11, 2019, Complainant Angela Littrell, ("Complainant") filed a Complaint with the Secretary of Labor, through the Occupational Safety and Health Administration (OSHA), alleging, in sum, she was discharged from respondent, Arkansas Total Care-Centene Corporation, ("Respondent") in violation of the Sarbanes-Oxley Act ("SOX" or " the Act"), for reporting fraudulent activity. Following an investigation, on January 13, 2020, OSHA found no reasonable cause to believe Respondent violated the Act and dismissed Ms. Littrell's complaint. On February 11, 2020, Complainant timely objected to OSHA's findings and requested a hearing before the Office of Administrative Law Judges. The matter was subsequently assigned to the undersigned Administrative Law Judge ("ALJ").

      After having informally notified the undersigned of her intent to file a Complaint in Federal Court, on July 29, 2020, I received Complainant's "Motion to Proceed in Federal District Court." ("Motion"). No response was received from Respondent.

      In support of her Motion, Complainant asserted that the Secretary (of Labor) has not issued a final decision, more than 180 days have passed since the filing of the Complaint, and there is no showing there's been delay due to bad faith of Complainant. Complainant also indicated she would file a copy of the file-stamped Complaint within seven days of filing it in Federal Court. For the reasons that follow, Complainant's Motion is granted and her Complaint is dismissed, with prejudice.

      Generally, 29 C.F.R. § 1980.114(a) permits a Complainant to bring an action at law or in equity for *de novo review* in the appropriate District Court for the United States with jurisdiction,

EXHIBIT B

if the Secretary has not issued a final decision within 180 days of the filing of the Complaint, and there is no showing that there has been delay due to the bad faith of the complainant. 29 C.F.R. § 1980.114(c) further requires that within seven days after filing a Complaint in federal court, a Complainant shall file a copy of the file-stamped Complaint, in this case, with the ALJ.[1]

The requirements of 29 C.F.R. §§ 1980.114(a) and (c) have been satisfied here. Specifically, a hearing has not yet taken place and consequently there has been no final order of the Secretary; more than 180 days have passed since the complaint was filed on December 11, 2019; and there is no evidence of delay due to bad faith of Complainants. Complainant has also indicated her intent to timely file a copy of her Complaint with the undersigned once it is filed in federal court. For these reasons, Complainant's Motion is **GRANTED** and her complaint dismissed with prejudice.

## ORDER

Accordingly, for the reasons stated above, and as the requirements of 29 C.F.R. § 1980.11 have been satisfied, **IT IS ORDERED** that Complainant's Motion for Leave to Proceed in Federal Court is **GRANTED** and Complainant may proceed with the filing of her Complaint in federal court if she has not yet done so. It is **FURTHER ORDERED** that:

1.  Within seven (7) days after filing her Complaint in federal court, complainant, Angela Littrell, must file a copy of the file-stamped complaint, with the undersigned Administrative Law Judge, via email at: OALJ-Pittsburgh@DOL.GOV;

2.  The Complaint filed by Complainant, Angela Littrell in this matter, is **DISMISSED WITH PREJUDICE** to its reinstatement since the action is to be filed in federal district court; and

3.  Any outstanding motions and all deadlines in this matter are **MOOT**.

**SO ORDERED**.

Digitally signed by Natalie A. Appetta
DN: CN=Natalie A. Appetta,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Pittsburgh, S=PA, C=US
Location: Pittsburgh PA

**NATALIE A. APPETTA**
Administrative Law Judge

---

[1]  A copy of the complaint also must be served on the OSHA official who issued the findings and/or preliminary order, the Assistant Secretary, and the Associate Solicitor, Division of Fair Labor Standards, U.S. Department of Labor.

# SERVICE SHEET

Case Name:  **LITTRELL_ANGELA_v_CENTENE_CORPORATION_**

Case Number: **2020SOX00016**

Document Title: **Order Granting Complainant's Motion for Leave to Proceed in Fed Dist Court and Dismissing Complaint**

I hereby certify that a copy of the above-referenced document was sent to the following this 17th day of September, 2020:


Digitally signed by Jami Q. Tanski
DN: CN=Jami Q. Tanski, OU=Legal
Assistant, O=US DOL Office of Administrative
Law Judges, L=Pittsburgh, S=PA, C=US
Location: Pittsburgh PA

**Jami Q. Tanski**
Legal Assistant

Regional Administrator
U. S. Department of Labor, OSHA Region 6
U. S. Department of Labor, OSHA
Room 602
525 Griffin Street
DALLAS TX 75202
*{Electronic - Regular Email}*

Dallas Regional Solicitor
*{Electronic - Regular Email}*

FLS-Filings@dol.gov
Associate Solicitor
Division of Fair Labor Standards
U. S. Department of Labor
Room N-2716, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
*{Electronic - Regular Email}*

Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210
*{Electronic - Regular Email}*

Dylan J Botteicher, Esq.
djbotteicher@csmfirm.com
COX, STERLING, MCCLURE & VANDIVER, PLLC
8712 Counts Massie Road
NORTH LITTLE ROCK AR 72113
*{Electronic - Regular Email}*

Eva Madison, Esq.
emadison@littler.com
Littler Mendelson, P.C.
217 East Dickson Street - Suite 201
FAYETTEVILLE AR 72701
*{Electronic - Regular Email}*

EXHIBIT B